UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA, )
        Plaintiff, )
         )
v. ) No.
         )
REAL PROPERTY, APPROXIMATELY 62 )
ACRES WITH NO STREET ADDRESS, )
FURTHER DESCRIBED AS PARCEL #107-291- )
020-000, PARCEL 2 PM 1914 BK16 PG 147, )
         )
        Defendant. )

## **VERIFIED COMPLAINT OF FORFEITURE**

Comes now plaintiff, the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Stephen Casey, Assistant United States Attorney for said District, and in a civil cause of action for forfeiture alleges as follows:

1. In this *in rem* civil action the United States seeks forfeiture of certain property pursuant to the provisions of Title 21, United States Code, Section 881.

2. Subject Matter Jurisdiction of this Court is based on Title 28, United States Code, Sections 1345, 1355, and Title 21, United States Code, Section 881. In Rem jurisdiction is based on Title 28, United States Code, Section 1355. Venue is proper in this district pursuant to Title 28, United States Code, Section 1355 & 1395 and Title 21, United States Code, Section 881.

3. The defendant real property, which include all appurtenances, improvements and fixtures thereon, are located in Humboldt County, California, and are more particularly described as:

    a.    Approximately 62 acres with no street address, parcel number: 107-291-020-000, Parcel 2 PM 1914 BK16 PG 147, and further described as:

    Tract A: Parcel Two, as shown on Parcel Map No. 1914, recorded in the Office of the Recorder of Humboldt County, in Book 16 of Parcel Maps, at Page 147. EXCEPTING therefrom all the coal and other minerals, together with the right to prospect for, mine and remove the same as reserved in the Patent from U.S.A. to Arthur B. Clark, recorded March 30, 1925 in Book 24 of Patents, Page 61, Humboldt County Records;

    Tract B: Non-exclusive easement for ingress, egress, public and private utilities and incidental purposes over a strip of land 60 feet in width, the center line of which is shown on said Parcel Map No. 1914, and designated thereon as follows: Cathey's Peak Road, courses 39 to 47 inclusive; 48A to 48H inclusive; 54 to inclusive; 58A, 58B, 58C,62 and 63; and within Fisher Road, courses 588 to 608 inclusive, and courses 617 to 625 inclusive; and within Road "G", as shown on said recorded Map. EXCEPTING therefrom any portion thereof lying within Tract A above.

    Tract C: That portion of Parcel Five of Parcel Map No. 1687, recorded in Book 14, Pages 134 to 143 inclusive of Parcel Map, in the Office of the County Recorder of said County, as corrected by Certificates of Correction recorded April 11, 1980, in Book 1609, Page 185 of Official Records, and June 12, 1981 in Book 1645, Page 896 of Official Records, in the Office of the County Recorder of said County, described as follows: A non-exclusive easement for pipeline for conveying water and access thereto over a strip of land 10 feet in width, the center line of which begins at an angle point in the Easterly line of said Parcel Five located North 39 degrees West, 42 feet from the Northwesterly terminus of course 393 of Road "B", as shown on said Parcel Map No. 1687; and runs thence South 71 degrees 11 minutes 31 seconds West to the Westerly line of said Parcel Five, together with the right to lay, replace and maintain said pipeline.

    Tract D: The right to develop and take $2/12^{th}$ of the water from a spring area described as follows: That portion of Parcel Four of Parcel Map No. 1687 recorded in Book 14, Pages 134 to 143 inclusive of Parcel Maps, in the Office of the County Recorder of said County, as corrected by Certificates of Correction recorded April 11, 1980, in Book 1609, Page 185 of Official Records, and June 12, 1981 in Book 1645, Page 896 of Official Records, in the Office of the County Recorder of said County, lying Northerly and Easterly of a line that begins on the Northeasterly line of said Parcel Four at the Westerly terminus of course 27 of the center line

of Cathey's Peak Road as shown on said Parcel Map No. 1687 and runs South 9 degrees 48 minutes 50 seconds East, 129.83 feet South 55 degrees 06 Minutes 59 seconds East. 129.83 feet to said Northerly line.

Tract E: Those portions of Parcel Four of Parcel Map No. 1687, recorded in Book 14, Pages 134 to 143 inclusive of Parcel Map, in the Office of the County Recorder of said County, as corrected by Certificates of Correction recorded April 11, 1980, in Book 1609, Page 185 of Official Records, and June 12, 1981 in Book 1645, Page 896 of Official Records, in the Office of the County Recorder of said County, described as follows:

    A) A non-exclusive easement for ingress and egress over a strip of land of the uniform width of 50 feet for the purposes of affording access from Cathey's Peak Road to a parcel of land to be used as a pump site referred to in Sub-paragraph B below. Said easement generally described as follows: BEGINNING at course 20 of the center line of said Cathey's Peak Road, as shown on said Parcel Map No. 1687, and thence running in a generally southeasterly direction to said pump site referred to in said Sub-paragraph B below.

    B) The non-exclusive right to use a parcel of land 25 feet by 25 feet for pump site, together with the right to install, maintain, repair and replace structures and pump facilities, fixtures and appurtenances thereto, said pump site being generally described as follows: Said site to be located within an area lying within 50 feet Southeast of spring area lying within Parcel Four; the Southeast line of said spring area being described as follows: BEGINNING at the West terminus of course 27 of the center line of Cathey's Peak Road, as shown on said Parcel Map No. 1687; thence South 9 degrees 48 minutes 50 seconds East, 129.83 feet; thence South 55 degrees 6 minutes 59 seconds East, 129.83 feet to the aforementioned center line of Cathey's Peak Road.

    C) A non-exclusive easement over a strip of land 10 feet in width, extending from the pump site referred to in sub-paragraph B in a general northwest direction to the Southeast line of the spring area referred to in said sub-paragraph B for the purpose of installing, maintaining, repairing and replacing a pipeline for conveying water from said spring area to said pump site.

The easements and rights in sub paragraphs A, B and C are appurtenant to and for the benefit of said land and each part thereof regardless of number of divisions made thereof as to ownership.

    4.    The defendant property was also used, or intended to be used, to commit or facilitate the distribution of controlled substances, in violation of 21 U.S.C. §§ 841 and 846.

5. The defendant property is therefore subject to forfeiture under 21 U.S.C. § 881.

6. The defendant real property has a value of approximately $450,000.00.

7. The defendant real property is currently titled in the name of Kyle PULLEN.

8. The plaintiff alleges the defendant real property is subject to forfeiture and for its reasons states as follows:

9. An investigation conducted by the Federal Bureau of Investigation, and other law enforcement agencies have led to the discovery of multiple individuals involved in a drug distribution network operating from California to St. Louis, Missouri. Information developed by investigators identified Kyle PULLEN as one of the members of the organization.

10. Investigators have utilized source information, law-enforcement surveillance operations, statements made by individuals as part of this investigation, and other investigative procedures to identify the extent of PULLEN's involvement in the drug trafficking enterprise.

11. In 2013, the organization transported approximately 4,050 to 5,400 pounds of marijuana worth approximately $12,150,000 to $16,200,000 from California to the St. Louis area where it was sold.

12. PULLEN supplied most of the marijuana, and grew much of it on the defendant property. The organization obtained between $3,000,000 and $4,000,000 in cash drug proceeds in St. Louis, Missouri and transported the cash to California. PULLEN stored some of the proceeds on the defendant property.

13. On April 4, 2006, the Humboldt County Sheriff's Office (HCSO) conducted a search of the defendant property pursuant to a search warrant. During the execution of the search

warrant, the HCSO seized 888 live marijuana plants, 68 grow lights, 3 mobile generators and a John Deere tractor/loader.

14. In October, 2013, Kyle Kienstra visited the defendant property. While at the defendant property, Kienstra bought approximately 150 pounds of marijuana from PULLEN and arranged to have it delivered to St. Louis and/or Chicago for distribution. Kienstra paid $125,000 in cash as partial payment for the marijuana. Most or all of the cash that Kienstra paid PULLEN was from the sale of marijuana in St. Louis, Missouri.

15. Within the past six months, PULLEN fronted Kienstra approximately 600 pounds of marijuana. Kienstra distributed almost all of the marijuana that he obtained from PULLEN in the St. Louis area.

16. On or about June 26, 2014, members of HCSO flew over the defendant property and observed a large number of marijuana plants being grown there.

17. PULLEN has utilized the defendant property to help him sell 15,000 to 20,000 pounds of marijuana a year.

18. PULLEN keeps at least some of his drug proceeds hidden on the defendant property.

19. Records indicate that PULLEN is unemployed.

20. On September 10, 2014, a federal search warrant was executed at the defendant real property. During the search, agents discovered approximately 150 marijuana plants on defendant property.

WHEREFORE, Plaintiff prays that a Warrant for Arrest issue for the defendant real property and the defendant real property be condemned and forfeited to the United States of

America, in accordance with the provisions of law; and that the plaintiff be awarded its costs in this action, and have such other relief as this Court deem just and proper.

Dated: September 10, 2014                    Respectfully submitted,

                                             RICHARD G. CALLAHAN
                                             United States Attorney


                                             */s/ Stephen Casey*
                                             STEPHEN CASEY, #58879MO
                                             Assistant United States Attorney
                                             111 South Tenth Street, 20th Floor
                                             St. Louis, Missouri 63102
                                             (314) 539-2200

## VERIFICATION

I, Special Agent Aaron Ackland, hereby verify and declare under penalty of perjury that I am a Special Agent with the Federal Bureau of Investigation, that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the Federal Bureau of Investigation.

I, Aaron Ackland, declare under penalty of perjury, pursuant to Title 28, United States Code, Section 1746, that the foregoing Complaint for Forfeiture is based upon reports and information furnished to me and that the contents therein are true and correct to the best of my knowledge and belief.

Executed on this 10th day of September, 2014.

*[signature]*
AARON ACKLAND
Special Agent
Federal Bureau of Investigation (FBI)